IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA : | |
| : | |
| v. : | CRIMINAL NO. 08-CR-639 |
| : | |
| MINISTER ABRAM MU-EL, : Petitioner. : | |

**MEMORANDUM AND ORDER**

**RUFE, J.** December 5, 2008

Minister Abram Mu-El ("Petitioner") filed in this Court a *pro se* Notice of Removal of state criminal proceedings.[1] The Court has evaluated the Notice and reviewed the applicable law, and for the reasons that follow it will order the summary remand of this action.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**[2]

On September 23, 2008, in the Municipal Court of Philadelphia County, Pennsylvania, Petitioner was charged with Aggravated Assault, Simple Assault, Possession of an Instrument of Crime with Intent and Recklessly Endangering Another Person.[3] Petitioner's arraignment and preliminary hearing was held on September 30, 2008,[4] and it appears Petitioner was released on bail on the same date.[5]

---

[1] Doc. No. 1.

[2] All facts related herein are drawn from the Notice of Removal filed by Petitioner, including the section styled "Affidavit of Facts" and the various exhibits attached thereto.

[3] The case was assigned docket number MC-51-CR-0047947-2008 in the Pennsylvania court. See Not. Rem. at 5 - 6.

[4] See Not. Rem. at 7.

[5] See id.

On October 20, 2008, Petitioner filed in this Court a *pro se* Notice of Removal of the state court criminal proceedings against him. In the Notice, Petitioner avers that certain "International and Constitutional issues" justify removal of this action.[6] None of the "issues" described in the Notice are capable of being construed as a claim that Petitioner will be unable to enforce in the courts of Pennsylvania any federally protected rights that may be implicated in the underlying criminal action. The Commonwealth of Pennsylvania has not filed a response to the Notice, however, the Court has evaluated it in accordance with 28 U.S.C. § 1446(c)(4), and has determined that remand of the action is appropriate at this time.

**II.    DISCUSSION**

Pursuant to 28 U.S.C. § 1446(c)(4), if when a district court examines a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."[7]

Section 1443 of the Federal Removal Statute sets forth the circumstances in which removal of a state court criminal prosecution may be permitted. Section 1443 provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[6] In full, the reasons Petitioner sets forth as providing a basis for removal are: "1) The right of a Foreign National to exercise a right guaranteed by the US Constitution and other Federal Statutes [including applicable international provisions] without it being converted into a Crime by Municipal Police Officers[;] 2) The Right of a Foreign National to be protected against false arrest and imprisonment as stated in USC title 28 section 1609[;] 3) The right of a Foreign national to protect private property from the danger of a person threatening safety of the property[;] and, 4) The rights of a Foreign Aboriginal National whose mission and Nation are on record with the United States Department of State to provide Nationality Identification and proof of such status without being unlawfully harassed and punished for carrying out such actions."

[7] 28 U.S.C. § 1446(c)(4).

>    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.[8]

The United States Supreme Court has established a two part test courts must apply to determine whether a removal of a state court criminal prosecution premised on Section 1443(1) is proper. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . . Second, it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State."[9]

The Court construes the allegations of the *pro se* Petitioner liberally. Nonetheless, the Court finds that Petitioner's allegations are incapable of being understood to claim that he is denied or cannot enforce a specified federal right related to racial equality in the courts of Pennsylvania. Because the Court finds it impossible to interpret the Notice as satisfying the jurisdictional standard set forth in 28 U.S.C. § 1443(1), it will order the summary remand of this action. An appropriate Order follows.

---

[8] 28 U.S.C. § 1443. Section 1443 contains a second subsection which is patently inapplicable to this case. That subsection, § 1443(2), "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Petitioner makes no claim to being a federal officer or agent, or to acting with or for them in any capacity, and nothing in the record suggests anything to that effect.

[9] Johnson v. Mississippi, 421 U.S. 213, 219 (1975)(citations omitted).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA : | |
| : | |
| v. : | CRIMINAL NO. 08-CR-639 |
| : | |
| MINISTER ABRAM MU-EL, : | |
| Petitioner. : | |

## ORDER

**AND NOW**, this 5th day of December, 2008, upon consideration of the Notice of Removal of Defendant, and for the reasons set forth in the foregoing memorandum, it is hereby **ORDERED** that the above-captioned action is **REMANDED** to state court. The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**